## C. M. Hapgood Shoe Company v. W. W. Saupp, Appellant.

*Practice, Superior Court—Jurisdiction not enlarged by act of 1889.*

The act of May 9, 1889, P. L. 158, providing for appeals does not enlarge the nature of appellate jurisdiction in matters which theretofore came before the courts on certiorari.

*Appeals—Certiorari—Practice, Superior Court—Warrant of arrest.*

An appeal based on proceedings arising under a warrant of commitment issued by a president judge under the Act of July 12, 1842, P. L. 330, must be considered as on certiorari and the writ brings up nothing but what appears on the record. The evidence taken on the hearing is not part of the record. The revisory power of the appellate court extends no further than to see that the judge has kept within the limits of his jurisdiction and has exercised it with regularity.

*Practice, C. P.—Warrant of arrest—Affidavit—Essential averments.*

An affidavit for a warrant is not insufficient because made by an attorney and is sufficient in substance when the general averment is in the language of the act, supported by positive averments of fact showing defendant's unjust refusal to apply money in his hands to the payment of his debts. Such averments give the judge authority to issue the warrant if the evidence is satisfactory to him.

A warrant in the precise form prescribed by the third section of the act is not defective in that it omits a portion of the affidavit. It is sufficient if it briefly sets forth the complaint; for fuller information he must look to the affidavit.

*Practice, C. P.—Warrant of arrest—Essentials of affidavit and commitment.*

The warrant of arrest, under the Act of July 12, 1842, P. L. 329, is an interlocutory proceeding, to hold the defendant to bail, in an action ex contractu, in a case falling within the term of the act.

If the allegations of fraud, in the plaintiff's preliminary affidavit, be substantiated to the satisfaction of the judge, and not denied on oath, or otherwise controverted by the defendant, he may be committed to abide the event of the suit.

It is sufficient, that the affidavit set forth a case of fraud in general terms; it is enough in the first instance, that it show probable cause to the satisfaction of the judge; for, on the hearing, the defendant may, on oath, deny all the allegations, and demand full proof of the facts.

A commitment is sufficient, that recites the allegations of the affidavit, the arrest and hearing of the parties; and sets forth that, after hearing, the judge was satisfied that the demand of the plaintiff was on contract, and that the allegations were substantiated, "In that said defendant had assigned and disposed of his property with the intent to defraud his creditors, and that he fraudulently contracted the debt respecting which the suit was brought."

It is not necessary to specify in the commitment, the particular forms in which the defendant had disposed of his property or perpetrated the frauds charged against him.

*Warrant of arrest—Preference—Assignment for creditors.*

Prior to his arrest a debtor may assign his money in trust for all his creditors; after such arrest he may do so but he may not quibble, and say that because he cannot pay all, he will pay none.

Argued March 25, 1898.   Appeal, No. 50, March T., 1898, by defendant, from judgment of C. P. Blair Co., Jan. T., 1897, No. 247, committing defendant on a warrant of arrest.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Warrant of arrest under act of 1842.   Before BELL, P. J.

It appears from the record that proceedings were had under the warrant of arrest act of July 12, 1842, and the defendant arrested and produced before the court, before whom hearing was had.   Motion was made by defendant to quash the warrant of arrest which was overruled and upon the hearing had defendant committed to the county jail.

Proceedings were had on the judgment obtained by the plaintiff company against the defendant for $753.   Defendant appealed.

482 SHOE CO. *v.* SAUPP.

Assignment of Errors—Opinion of the Court. [7 Pa. Superior Ct.

*Error assigned* was to the court's action in overruling the defendant's motion to quash the complaint and warrant of arrest for the reasons set forth in said motion, inter alia, as follows : " 1. That the affidavit did not establish legally any one of the particulars required to be established by the act. . . . 3. The affidavit of complaint is made by the attorney for the plaintiffs. . . . . 5. That under plaintiff's judgment interpleader proceedings were pending to determine ownership of the property levied on by plaintiff. . . . 6. That a sufficient security for the protection of the goods at the termination of the interpleader proceedings has been given for the protection of the plaintiff. 7. Plaintiff is a New Jersey corporation and as such should be compelled to furnish bail for costs."

*T. H. Greevy* of *Greevy & Walters*, for appellant.—The plaintiff's allegation in this case of neglect and refusal of the defendant to apply money to the payment of the plaintiff's judgment is insufficient: Hart v. Cooper, 129 Pa. 297.

The allegations are defective and general and with little description of the facts which constitute fraud: Gosline v. Place, 32 Pa. 520.

*J. S. Leisenring* of *Leisenring & Atkinson*, for appellees.—It is sufficient that the affidavit charges fraud in general terms, and that in the first instance it but shows probable cause to the satisfaction of the judge to whom application is made for warrant of arrest: Sharpless v. Zeigler, 92 Pa. 467 ; Gosline v. Place, 32 Pa. 520 ; Kohlhaas v. Veit, 162 Pa. 108 ; Spencer v. Bloom, 149 Pa. 106 ; Berger v. Smull, 39 Pa. 302.

But the affidavit in this case did not rest upon a mere charge of fraud in general terms. Specifically, and with particularity, and with detail of statement, the several charges were covered. The merits of the case are not the subject of review : Hart v. Cooper, 129 Pa. 297 ; Cooper v. Hart, 147 Pa. 594.

It is a matter wholly for the decision of the judge who grants the warrant to say whether the refusal on the part of the defendant therein to apply money to the payment of the complainant's claim was unjust.

OPINION BY RICE, P. J., July 29, 1898:

This was a proceeding under the Act of July 12, 1842, P. L.

339, and comes before us on appeal from the warrant of commitment issued by the president judge.

The practice in such cases, as laid down in Gosline v. Place, 32 Pa. 520, has been followed in subsequent cases: Berger v. Smull, 39 Pa. 302; Hart v. Cooper, 129 Pa. 297; Grieb v. Kuttner, 135 Pa. 281. Nor has the revisory jurisdiction of the appellate court been enlarged by the Act of May 9, 1889, P. L. 158, which provides that all appellate proceedings theretofore taken by writ of error, appeal or certiorari, should thereafter be taken in a proceeding called an appeal. We are to consider the case as if the proceedings had been brought before us by certiorari. We are not to review the judge's opinion on the proofs, because this writ brings up nothing but what appears on the record, and the evidence taken on the hearing is not part of the record, and because, in addition, it is not the province of the reviewing court to pass upon the credibility of the witnesses or to decide as to the weight of the testimony, even though it be sent up with the record, and printed. Our revisory power extends no further in such cases than to see that the judge has kept within the limits of his jurisdiction, and has exercised it with regularity, according to law.

Taking up the several objections to the regularity of the proceedings in their natural order, we remark, in the first place, that the objection, that the affidavit is insufficient in law because it was made by the plaintiff's attorney, upon information and belief, and it is not sufficiently specific in alleging the acts necessary to give the judge authority to issue a warrant of arrest, is not well taken. The act expressly provides that the " satisfactory evidence " which the judge shall require before issuing the warrant of arrest may consist of the affidavit of the complainant " or some other person or persons." As to the other branch of the objection, an inspection of the affidavit shows, that the allegation as to the defendant's unjust refusal to apply the money in his hands to the payment of his debts is not a mere naked averment in the language of the act, resting alone on information and belief, but is supported by a positive averment of facts admitted by the defendant on the trial of another case. These are set forth with great particularity, and if unexplained, would raise a prima facie presumption against him. These averments, taken in connection with the general

averment drawn in the precise words of the act, were sufficient under our decisions to give the judge authority to issue the warrant if the evidence was satisfactory to him : Gosline v. Place, 32 Pa. 520. See also Berger v. Smull, 39 Pa. 302 ; Sharpless v. Ziegler, 92 Pa. 467 ; Spencer v. Bloom, 149 Pa. 106.

The next objection is to the sufficiency of the warrant of arrest. It is based on the fact that it omits a portion of the affidavit. We do not regard this omission as fatal. The warrant is in the precise form prescribed by the third section of the act, and at the same time it was executed an exact copy of the affidavit, duly certified by the judge as the act requires, was given to the defendant. The purpose of the warrant is to enforce the attendance of the defendant at the hearing. All that the act requires is that it shall " briefly set forth the complaint," and for fuller information of what he is called upon to answer the defendant must look to the certified copy of the affidavits. By these and not by the brief summary of them contained in the warrant is the authority for the arrest to be determined on appeal. See Hart v. Cooper, 129 Pa. 297. The defendant in the present case evidently took the same view until the case came into this court, for he answered all the allegations of the affidavit fully, including that which was defectively stated in the warrant, and, so far as appears, did not specifically raise the present objection on the motion to quash. We are of opinion that it is now too late to do so.

The third objection is, that the commitment is insufficient in law because it does not recite the facts from which the judge drew the conclusion, that the defendant " unjustly refused to apply the money in his hands to the payment of his debts." Substantially the same objection was raised in Gosline v. Place, 32 Pa. 520, but was overruled. The commitment in the present case contains as full a recital of the facts as the one there passed upon, and upon the authority of that case we conclude, without further discussion, that it is sufficient.

Considerable stress is laid on the effect of the defendant's answer, and upon the facts therein alleged, it is argued that the refusal of the defendant to apply the money admittedly in his hands to the payment of this claim, was not " unjust." But the defendant's answer is not conclusive. The act expressly provides that the judge " shall also receive such other proof as the

parties may offer," and, as we have seen, this additional evidence is not brought up for review. It is for the judge to decide whether it sustains the allegations of the answer, or whether on all the evidence "the allegations of the complaint are substantiated," and his decision—the proceedings being regular—is not reviewable. We may remark, however, with reference to the facts set up in the answer, that the result of this proceeding is not to compel an insolvent debtor to prefer one creditor over others. As the learned judge well says: "A debtor in the position of the defendant can readily and easily avoid imprisonment or arrest for debt by following one of two courses. Prior to his arrest he can assign the money in trust for all his creditors; after arrest he can make an assignment under the insolvent laws. But to allow him to quibble and say that, because he had not enough to pay all, he would pay no one, would be to make it easy for debtors to break up with a pocket full of money, and then hold their creditors at bay until said creditors agreed to such terms as said debtor saw fit to propose." But we need not go into the merits of the case; it is sufficient for us to say that we find no substantial irregularity in the proceedings.

The proceedings are affirmed and the record is remitted.