Sarah Miller, Magdalena Curnes, B. F. Miller, D. A. Miller, Thos. McClellan, George McClellan, Jennie McClellan, Henry Thompson, Hortense Walker and Thomas W. Miller and W. A. Himebaugh, Trustee, *v.* Peter Summers, Appellant.

*Actions—Warrant of arrest—Certiorari—Acts of July* 12, 1842, *and May* 9, 1889.

A certiorari in warrant of arrest proceedings under the Act of July 12, 1842, P. L. 339, brings up nothing but what appears on the record, and the evidence taken on the hearing is not part of the record. The reviewing power of the Superior Court extends no further in such cases than to see that the judge has kept within the limits of his jurisdiction, and has exercised it with regularity according to law. This revisory jurisdiction has not been enlarged by the Act of May 9, 1889, P. L. 158, providing that all appellate proceedings shall be taken by an appeal.

If the affidavit was sufficient to justify the warrant the action of the court below must stand.

*Actions—Warrant of arrest—Venue—Jurisdiction, C. P.—Trusts and trustees—Act of July* 8, 1885.

Where defendant received money in Ohio as executor and trustee, and afterward moved to Pennsylvania, he can be sued in Pennsylvania for the money which he has neither accounted for nor paid over. The requirements of the Act of July 8, 1885, P. L. 269, limiting the issue of warrants of arrest to the county where the cause of action arises, or the judgment shall have been entered, means, in such a case as this, the county where the defendant resides and the suit against him has been brought. The cause of action arises in the jurisdiction in which the defendant can be legally sued for his recovery.

Argued Nov. 15, 1899. Appeal, No. 170, Oct. T., 1899, by defendant, from order of C. P. Lancaster Co., Aug. T., 1898, No. 97, issuing a warrant of arrest and commitment against defendant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Motion to quash warrant of arrest under the Act of July 12, 1842, P. L. 339, which was refused. Before LIVINGSTON, P. J.

The facts sufficiently appear in the opinion of the court.

*Error assigned* among others was refusing to quash the warrant of arrest.

*A. S. Johns* and *C. E. Montgomery*, for appellant.—The common pleas had no jurisdiction. This was a matter for the orphans' court: Innes's Est., 4 Wharton, 182; Case of Elizabeth Baird, 1 W. & S. 288; Jones's Appeal, 3 Grant, 169; Wapples's Appeal, 74 Pa. 100; Erie Savings Co. v. Vincent, 105 Pa. 315; Chew's Appeal, 44 Pa. 247.

The Act of July 8, 1885, P. L. 269, amending the Act of July 12, 1842, P. L. 339, requires that a warrant of arrest shall issue " only in the county where the cause of action arises or the judgment shall have been entered." The cause of action arose in Ohio and the entry of judgment was made there.

A warrant of arrest under the act of 1842 can only be issued in a suit or a proceeding founded upon contract; this is not the case here: Chew's Appeal, 44 Pa. 247; Pierce's Appeal, 103 Pa. 27; Church's Appeal, 103 Pa. 263.

The only appropriate proceeding is one for contempt, such proceedings being excepted by the 1st section of the act of 1842: Wilson v. Wilson, 142 Pa. 247; Tome's Appeal, 50 Pa. 285.

*J. A. Coyle*, of *Coyle & Keller*, for appellees.—The only matter before the court is the regularity of the procedure of the court below: Vandermis v. Gilbert, 10 Pa. Superior Ct, 570; Berger v. Smull, 39 Pa. 302; Grieb v. Kuttner, 135 Pa. 281.

The record in this certiorari consists only of the affidavit for the warrant of arrest, the warrant, and the commitment: Scully v. Kirkpatrick, 79 Pa. 324; Hart v. Cooper, 129 Pa. 297.

The affidavit was sufficient: Gosline v. Place, 32 Pa. 520; Hart v. Cooper, 129 Pa. 297; Berger v. Smull, 39 Pa. 302; Kohlhaas v. Veit, 162 Pa. 108.

The provision of the act of July 8, 1885, that the warrant of arrest shall only be issued in the county where the cause of action arises, means the county where the cause of action has been commenced.

There was an implied contract in this case: Hertzog v. Hertzog; 29 Pa. 465; Guthrie v. Hyatt, 1 Harrington (Del.), 446.

To say that the defendant was not subject to a warrant of arrest would practically let him go free, as no court in Pennsylvania could punish him for contempt.

OPINION BY ORLADY, J., March 21, 1900:

From the record in this case it appears that on June 16, 1858,

Peter Summers qualified in Holmes county, Ohio, as executor of the last will and testament of Abraham Troyer deceased, and as such executor he received the sum of $500, the interest of which was to be paid to Sarah Miller during her natural life and at her death the said sum was to be divided among the children of the said Sarah Miller, share and share alike.

Peter Summers removed from Holmes county, Ohio, to Lancaster county, Pennsylvania, and since April 1, 1897, he has not paid any interest to the said Sarah Miller, but has converted the principal and interest in arrears to his own use.

Peter Summers was proceeded against in Holmes county, Ohio, and removed from his office of trustee for Sarah Miller and her children, and W. A. Heimbach was appointed trustee in his stead. The substituted trustee made demand on Peter Summers for the sum of $500 with interest from April 1, 1897, founded upon the judgment and decree of the probate court of Holmes county, Ohio; and after refusal to pay a suit was brought against Peter Summers in the names of all parties interested in said fund, in the court of common pleas of Lancaster county to No. 97, August term, 1899, on August 2, for the recovery of said claim. On September 6, 1899, an affidavit for a warrant of arrest under the Act of July 12, 1842, P. L. 339, was filed, and the case comes before us on an appeal from the warrant of commitment issued by the president judge.

In Shoe Co. v. Saupp, 7 Pa. Superior Ct, 480, this court held that "the practice in such cases, as laid down in Gosline v. Place, 32 Pa. 520, has been followed in subsequent cases: Berger v. Smull, 39 Pa. 302; Hart v. Cooper, 129 Pa. 297; Grieb v. Kuttner, 135 Pa. 281. Nor has the revisory jurisdiction of the appellate court been enlarged by the Act of May 9, 1889, P. L. 158, which provides that all appellate proceedings theretofore taken by writ of error, appeal or certiorari, should be taken in a proceeding called an appeal. We are to consider the case as if the proceedings had been brought before us by certiorari. We are not to review the judge's opinion on the proofs, because this writ brings up nothing but what appears on the record, and the evidence taken on the hearing is not part of the record, and because in addition, it is not the province of the reviewing court to pass upon the credibility of the witnesses or to decide as to the weight of the testimony, even though it be sent up

with the record, and printed. Our reviewing power extends no further in such cases than to see that the judge has kept within the limits of his jurisdiction and has exercised it with regularity, according to law."

The certiorari brings up nothing but the record, of which the evidence forms no part. There is no provision in the act of 1842 that the proceedings, or any part of them, shall be filed of record. It follows that if the affidavit was sufficient to justify the warrant, the action of the court below must stand: Hart v. Cooper, 129 Pa. 297; Grieb v. Kuttner, 135 Pa. 281. The affidavit in this case sets out the pendency of the action against the defendant in Lancaster county at the time of asking for the warrant of arrest. The claim is based upon a decree of the probate court of Holmes county, Ohio, in which the defendant is adjudged a defaulting trustee, for a sum of money claimed as due to the plaintiff, and which the defendant converted and appropriated to his own use in Lancaster county, Pennsylvania. It is not an attempt to settle the estate of Abraham Troyer in Pennsylvania, but, after having the amount legally ascertained in the proceeding in the Holmes county court, and it having been found that Peter Summers had in his possession a sum of money as trustee under the will of Abraham Troyer, the plaintiffs are entitled to maintain this suit in the common pleas of Lancaster county, the place of residence of Peter Summers: Musselman's Appeal, 101 Pa. 165.

The affidavit specifically alleges, " That the said defendant fraudulently contracted the debt and incurred the obligation respecting which this suit is brought," and that he " has assigned, removed and disposed of his property with the intent to defraud his creditors."

The affidavit taken as a whole is as specific in the essential allegations as in Gosline v. Place, and a number of other cases. The original cause of action arose in Holmes county, Ohio, but it cannot be seriously urged that because the defendant removed to Pennsylvania he could not be proceeded against here for the recovery of the debt. The cause of action in the pending suit was the decree of the Ohio court, and that cause of action arises in the jurisdiction in which the defendant can be legally sued for its recovery. The Act of July 8, 1885, P. L. 269, which

limits the issuing of the warrant "only in the county where the cause of action arises or the judgment shall have been entered" as clearly fixes Lancaster county as the proper one in which to institute this proceeding after suit brought, as if a judgment on that suit had been finally entered. If the affidavit had not been presented until after judgment had been entered, the jurisdiction on this phase of the case could not be questioned. The judgment could only be entered on a cause of action which arose in its legal sense in that county.

The assignments of error are overruled and the judgment is affirmed.