## Phœnix Press *v.* MacKenzie, Appellant.

*Appeals—Warrant of arrest—Evidence—Record—Review.*

An appellate court has no power to review an order of the common pleas quashing a warrant of arrest issued under the Act of July 12, 1842, P. L. 339, where it appears that the order of the lower court was based upon the conclusion reached from an examination of the evidence, that the debt for which the warrant was issued was not fraudulently contracted. In such a case the evidence is not before the appellate court, and a reversal may be had only for errors manifest upon the face of the record.

Argued Oct. 15, 1906. Appeal, No. 113, Oct. T., 1906, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1905, No. 4,854, quashing a warrant of arrest in case of The Phœnix Press to use of Central Saving & Trust Company v. Robert H. M. MacKenzie. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and BEAVER, JJ. Affirmed.

Warrant of arrest under act of 1842.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing the warrant of arrest and discharging defendant.

*Thomas D. Finletter*, with him *Charles L. Smyth*, for appellant.

*C. Wilfred Conard*, with him *Alvin J. Smallwood* and *Allen C. Middleton*, for appellee.—The Superior Court has no jurisdiction to review the order made in the case : Hart v. Cooper, 129 Pa. 297 ; Grieb v. Kuttner, 135 Pa. 281 ; Shoe Co. v. Saupp, 7 Pa. Superior Ct. 480 ; Miller v. Summers, 13 Pa. Su-

perior Ct. 127 ; Gosline v. Place, 32 Pa. 520 ; Berger v. Smull, 39 Pa. 302 ; First Nat. Bank v. Crosby, 179 Pa. 63 ; Holland v. White, 120 Pa. 228 ; Wetherald v. Shupe, 109 Pa. 389 ; Slingluff v. Sisler, 193 Pa. 264 ; Bain v. Funk, 61 Pa. 185.

OPINION BY RICE, P. J., December 10, 1906 :

This is an appeal by the plaintiff from the order of a judge of the common pleas quashing a warrant of arrest issued under the act of 1842, and discharging the defendant. This order was based, not on any alleged defect, irregularity or informality in the affidavit or warrant, but on the judge's conclusion from the evidence adduced at the hearing that the allegation upon which the warrant of arrest was obtained, namely, that the debt was fraudulently contracted by the defendant, was not sustained. The greater portion of the argument is directed to an attempt to show that this conclusion was not warranted by the evidence, and that in the consideration of the case the learned judge did not give due weight to certain facts. The manner in which the case was presented, both in the oral and printed arguments, makes it proper to repeat what we said in Hapgood Shoe Co. v. Saupp, 7 Pa. Superior Ct. 480, as to our revisory jurisdiction : " The practice in such cases, as laid down in Gosline v. Place, 32 Pa. 520, has been followed in subsequent cases : Berger v. Smull, 39 Pa. 302 ; Hart v. Cooper, 129 Pa. 297 ; Grieb v. Kuttner, 135 Pa. 281. Nor has the revisory jurisdiction of the appellate court been enlarged by the Act of May 9, 1889, P. L. 158, which provides that all appellate proceedings theretofore taken by writ of error, appeal or certiorari, should thereafter be taken in a proceeding called an appeal. We are to consider the case as if the proceedings had been brought before us by certiorari. We are not to review the judge's opinion on the proofs, because this writ brings up nothing but what appears on the record, and the evidence taken on the hearing is not part of the record, and because in addition, it is not the province of the reviewing court to pass upon the credibility of the witnesses or to decide as to the weight of the testimony, even though it be sent up with the record and printed. Our revisory power extends no further in such cases than to see that the judge has kept within the limits of his jurisdiction, and has exercised it with regularity, according to law." See

also Miller v. Summers, 13 Pa. Superior Ct. 127. It was clearly shown in Grieb v. Kuttner, 135 Pa. 281, that such order is reviewable, within the limits which restricted review in cases brought up by a certiorari prior to the act of 1889, and for error of law appearing on the record may be reversed. But in the same case the rule as we have stated it was distinctly recognized throughout the whole opinion of the present chief justice, and particularly in the remark, " If the judge had heard the evidence and discharged the defendant, his action would not have been reviewable." This appeal cannot be brought within the principle upon which the order in the case last cited was reversed, and for the reasons above suggested the order must be affirmed.

The order is affirmed, the appellant to pay the costs.