## Commonwealth ex rel. *v.* Maurer, Appellant.

*Appeals—Certiorari—Habeas corpus—Parent and child—Custody of children.*

An appeal from an order in habeas corpus proceedings relating to the custody of a child, has only the effect of a certiorari, and the appellate court cannot, on such an appeal, consider either the evidence or the opinion of the court below. The record alone can be considered.

Argued Dec. 17, 1909. Appeal, No. 223, Oct. T., 1909, by defendants, from order of Q. S. Phila. Co., Oct. T., 1909, No. 223, on habeas corpus proceedings in case of Commonwealth ex rel. Anna Moylan v. Howard Maurer and Catharine Maurer. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Petition for habeas corpus. Before Staples, P. J., specially presiding.

*Errors assigned* were as follows:

1. The learned court erred in receiving and considering the letter of the priest of the parish in which said Alice Moylan lived, he not being called as a witness.

2. The learned court erred in receiving and considering the report of a probation officer of the court, said officer not being called as a witness.

3. The learned court erred in refusing to permit the respondents to call their witnesses present in court on September 22, 1909, after granting leave to that effect when case was continued on September 20, 1909.

*G. Von Phul Jones,* for appellants.

*William T. Connor,* with him *Harry J. Alker, Jr., J. Levering Jones* and *John R. K. Scott,* for appellee.

Opinion by Beaver, J., March 3, 1910:

The first section of the Act of May 9, 1889, P. L. 158, pro-

vides, "That all appellate proceedings in the Supreme Court heretofore taken by writ of error, appeal or certiorari, shall hereafter be taken in a proceeding to be called an appeal."

This provision of this act has received numerous interpretations, all of the same character. Rand v. King, 134 Pa. 641, is fairly representative of them, in which it is said, as contained in the first paragraph of the syllabus: "The modes of reviewing cases in the Supreme Court by writ of error, by appeal, and by writ of certiorari, which were in use prior to the Act of May 9, 1899, P. L. 158, still remain applicable in the same kinds of cases, within the same limits and with the same effect as before, the only difference made by that act being that now they are all called by the same name." See also Shoe Co. v. Saupp, 7 Pa. Superior Ct. 480.

What, therefore, is the effect of an appeal from a decree of the lower court upon a writ of habeas corpus? We have very many decisions of both of our appellate courts upon this subject. One of the late cases very similar in its facts to the one before us is Com. ex rel. v. McDougall, 203 Pa. 291, in which Mr. Chief Justice MITCHELL says: "Unfortunately there is no appeal in a case of habeas corpus, even for the custody of a child. This appeal, therefore, has only the effect of certiorari. If the legal questions discussed were before us, we might not be able to agree with the reasoning of the conclusion of the learned judge below, but as his opinion is not part of the record and only the record is before us, we express no opinion on that. The record being regular, the appeal must be dismissed." To the same effect is Com. ex rel. v. Strickland, 27 Pa. Superior Ct. 309. Com. ex rel. v. Supt. of County Prison, 220 Pa. 401, although not involving the custody of children, is a case in which the Supreme Court reviews and affirms the decision of the Superior Court in Com. ex rel. v. Supt. of County Prison. 33 Pa. Superior Ct. 594, affirming the order of the court below, remanding the relator, Flower, to the custody from which he sought to be released. Mr. Justice MESTREZAT, in the course of a thoroughly exhaustive opinion upon the entire subject, decides in harmony with many preceding cases that, "An appeal from an order

in extradition proceedings (habeas corpus) takes up only the record, and not the evidence. The fact that the judge of the quarter sessions granted a bill of exceptions, is immaterial since it is based on no statutory authority."

Inasmuch as neither the evidence, which was not taken down at the hearing, nor the opinion of the court, which in this case is simply a resumé of the testimony as he recalls it, is properly before us, it is unnecessary for us to refer thereto. The record is entirely regular upon its face, shows a hearing and full deliberation which resulted in the decree, "And now, October 1st, 1909, after hearing and it appearing to the Court that the best interests of the child, Anna Moylan, will be best subserved by being placed in the custody of its mother, the natural guardian, the said respondents are hereby directed to take the child to its mother not later than October 4th, 1909."

If we were permitted to consider the facts of the case, it would seem to us that, in addition to the prima facies that a mother is the proper person to have the custody of her child, the court below, after reaching a conclusion based upon the evidence, seemed to be only anxious to be absolutely certain that there could be no mistake as to the conclusion which he had reached, and the extraordinary efforts made by the judge to fortify the conclusion would seem to have been in the interests of the respondents, or perhaps of the child, rather than the relator.

The record being regular upon its face, the decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.