JOHN WILLIAMSON ET AL. v. T. J. McCORMICK.

ERROR TO THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued March 17, 1889—Decided May 6, 1889.
[To be reported.]

1. A writ of attachment under the act of March 17, 1869, P. L. 8, must be made returnable on the first return day after the issuing thereof; if made returnable to the next term, and a return day authorized by a special act of assembly intervenes, the writ will be quashed.
2. Defective service, or even the non-service of a regular writ, may be cured by a general appearance; but a writ made returnable at a time not authorized by law, is essentially illegal, and if the fact be promptly brought to the attention of the court, it will be so treated.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 72 January Term 1889, Sup. Ct.; court below, No. 605 October Term 1888, C. P.

On August 18, 1888, judgments were entered against Thomas J. McCormick, on two notes with warrant of attorney, for $400 and $300 respectively, in favor of Thomas McCormick, his father. Executions issued immediately and were placed in the hands of the sheriff, who made a levy and closed up the defendant's store.

On August 25, 1888, John Williamson and George Wallace,

trading as Williamson & Wallace, to whom Thomas J. McCormick was indebted, caused to be issued a writ of attachment, under the act of March 17, 1869, P. L. 8, returnable to the next term.    Upon this writ the personal property of the defendant was attached and the writ served personally.    The defendant entered an appearance, by attorney, on September 3, 1888, and on the same day filed his affidavit denying the allegation of fraud, and obtained a rule to show cause why the attachment should not be dissolved, returnable to September 17, 1888. Depositions were taken on both sides.

On September 17, 1888, at the argument of the rule to dissolve, the defendant moved to quash the writ for the reason that it was made returnable to the next term, which would begin October 7, 1888, when it should have been made returnable to the first return day next after the writ issued, which, by act of May 25, 1871, P. L. 1150, applicable to Luzerne county, was the 2d Monday of September.

After argument, the court, WOODWARD, J., citing act of May 25, 1871, P. L. 1150; act of March 17, 1869, P. L. 8; Parks v. Watts, 112 Pa. 4, allowed the motion of the defendant and ordered the writ to be quashed, whereupon the plaintiffs took this writ, assigning the said order as error.

*Mr. E. F. McGovern*, for plaintiffs in error:

1. The personal service upon a defendant of a writ of attachment, is equivalent to the service of a summons, and though the attachment be irregular, it is error to quash it and thus entirely displace the case: Sharpless v. Ziegler, 92 Pa. 468: Biddle v. Black, 99 Pa. 382.    After such service, the appearance of the defendant generally, and his subsequent steps, cured any irregularity or defect in the return day of the writ: Lindsley v. Malone, 23 Pa. 24; Loewenstein v. Sheetz, 7 Phila. 361.

2. The defendant should have moved to quash the attachment at the earliest moment after he appeared.    An objection may be made to process before appearance, but not after: Poor v. Colburn, 57 Pa. 415; Schober v. Mather, 49 Pa., 21; Sherer v. Easton Bank, 33 Pa. 134; Loewenstein v. Sheetz, 7 Phila. 361; Zion Church v. St. Peter's Church, 5 W. & S. 217.    Parks v. Watts, 112 Pa. 4, is to be distinguished.    In that case the

defendant appeared by counsel on the return day of the writ, for the especial purpose of moving to quash.

*Mr. John McGahren*, for the defendant in error, filed no paper books.

OPINION, MR. JUSTICE STERRETT:

Prior to the act of May 25, 1871, P. L. 1150, the first day of each term, one of which commenced on the fourth Monday of October, was a return day for all writs of summons, and other process issued out of the Courts of Common Pleas and Orphans' Court of Luzerne county. To these were added, by the act above mentioned, the first Monday of June and second Monday of September, thus making six return days, in each year, for all such writs and processes thereafter issued by said courts.

The writ of attachment, under the act of 1869, in this case, was issued August 25, 1888, returnable, not on the next return day, but to the first Monday of October then next ensuing. On September 3, 1888, the defendant, having filed an affidavit, obtained a rule to show cause why the attachment should not be dissolved, and afterwards moved the court to quash the writ on the ground that it was not made returnable on the first return day next after the issuing thereof, as required by the act. On October 8, 1888, after hearing, the court sustained the motion and quashed the writ for the reason above stated. This action of the court is the only error complained of.

According to the command of the writ the defendant was not required to appear until the first Monday of October, and on the eighth of that month the court, acting on the motion which he had an undoubted right to make, quashed the writ. It will thus be seen that defendant is not chargeable with unreasonable delay. On the contrary he moved in the matter very promptly.

This proceeding is purely statutory and the act of 1869 should be at least substantially complied with. It declares " that every such attachment shall be made returnable on the first return day next after the time of issuing thereof, and be served by the sheriff of the proper county or by some general or special deputy," etc. As to the return day of the writ, the act was manifestly disregarded. The next return day was the second Mon-

day of September, but, as we have seen, that was ignored, and the writ made returnable three weeks later. This was in no sense a compliance with the express mandate of the act, and when the matter was brought to the attention of the court it was bound to pronounce the writ illegal and quash it. In Parks v. Watts, 112 Pa. 4, the same question was considered; and the court below appears to have followed the judgment of this court in that case. We then said: "The writ was not made returnable on the first return day next after the issuing thereof, as commanded by the statute. The opinion of the learned judge fully sustains the conclusion at which he arrived, and there was no error in quashing the writ of attachment." In principle the cases are identical.

There is no merit in the suggestion that the irregularity, as it is called, was cured by the appearance of defendant. Defective service, or even non-service of a regular writ may be cured by a general appearance, because the object of service is to notify the defendant and thus secure his appearance to answer, etc.; but a writ issued, or what is in effect the same thing, made returnable at a time not authorized by law, is essentially illegal, and if the fact is brought to the attention of the court, in proper time, should be so treated. Under the circumstances of this case the learned judge of the Common Pleas was clearly right in quashing the writ.

Judgment affirmed.