## Ingrava *v.* Suman, Appellant.

*Practice, C. P.—Trespass—Summons—Return day—Judgment by default—Motion to strike off—Stay of proceeding.*

A summons in trespass must be made returnable in accordance with the statutory provisions therefor. A summons issued twelve days before the next return day, cannot be made returnable to the second return day, and if so made is void. Service of such a writ is not sufficient to support a judgment by default. Upon an appearance by counsel de bene esse, a motion to strike off judgment by default in such case should have been allowed, and while it was pending it was a stay to further proceeding.

Argued April 22, 1921. Appeal, No. 119, April T., 1921, by defendant, from judgment of C. P. Westmoreland County, May T., 1917, No. 748, discharging rule to strike off judgment in the case of Frances Ingrava v. W. J. Suman. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Rule to show cause why judgment by default should not be stricken off.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the order of the court.

*William S. Rial,* and with him *H. E. Marker* and *Glen W. Machesney,* for appellant.—A writ made returnable otherwise than according to the statutory requirement is a nullity: Hotchkiss v. Insurance Co., 18 District Reports 289; Williamson v. McCormick, 126 Pa. 274.

No appearance and no printed brief for appellee.

OPINION BY HENDERSON, J., July 14, 1921:

The plaintiff brought an action of trespass against the defendant alleging a wrongful levy on her personal prop-

erty by the defendant while acting as a constable, and having in his hands an execution against another person. The writ was issued May 2, 1917, and was made returnable on the third Monday of the same month. The next return day after the writ was issued was the second Monday of May, 1917, the first day of the next term and the 14th day of the month. Service was made by handing a copy of the writ and statement of claim to an adult member of the defendant's family. An appearance not having been entered for the defendant, judgment was taken by default in favor of the plaintiff on May 7, 1918. On March 5, 1920, a writ of inquiry was issued on which an inquisition was had by the sheriff, but no return appears to have been made on that writ. The defendant caused an appearance for him de bene esse and applied to the court to strike off the judgment by default and set aside the proceedings on the ground that the judgment was void; the objection thereto being that the summons, having been issued more than ten days prior to the next term, should have been made returnable to that term, and was illegal because made returnable to a later return day. The court refused the motion to set aside the judgment. As there was not a general appearance for the defendant, a judgment by default cannot be sustained when taken on a writ made returnable in violation of the direction of the statute. The Act of 1836 provides that "every writ used for the commencement of an action shall bear date on the day of the issuing thereof, and shall be made returnable on the first day of the term next succeeding the time at which it shall be issued; provided, that in the case of a writ of summons, if there shall not be ten days between the issuing thereof and the first day of the term as aforesaid, the writ may be made returnable on the next day preceding the last day of such term or upon the first day of the second term next after the issuing of the writ." The Act of March 18, 1875, P. L. 28, authorized the several courts to designate by rule the regular terms of

court, and the second Monday of May was made the first day of May term in Westmoreland County. The writ should therefore have been made returnable to that term. The plaintiff was not at liberty to pass over the first day of a term and make his writ returnable to a subsequent return day in that term, the writ having been issued twelve days before the next return day: 1 Troubat & Haly's Practice, 6 Ed. Sec. 248. The question was considered in Williamson v. McCormick, 126 Pa. 274, where a writ of attachment under the Act of 1869 was issued. The statute required the writ to be made returnable to the first return day after the issuing thereof. It was issued to a subsequent term. Of this the court said: "As to the return day of the writ, the act was manifestly disregarded. The next return day was the second Monday of September, but, as we have seen, that was ignored and the writ made returnable three weeks later. This was in no sense a compliance with the express mandate of the act, and when the matter was brought to the attention of the court, it was bound to pronounce the writ illegal and quash it." In the same opinion it is held that a writ made returnable at a time not authorized by law is "essentially illegal." Parks v. Watts, 112 Pa. 4, is another case in which the writ was quashed because it was not made returnable on the next return day. In that case the first return day was the first Monday of the next month, whereas the writ was made returnable to the next term which was the second Monday of the month. The same conclusion was reached by Mr. Justice WALLING when presiding in the Sixth District in the case of Hotchkiss v. Insurance Co., 18 Dist. Rep. 289, in which a summons in assumpsit was issued January 27th to a later return day than the second Monday of February which was the first day of the next term. The writs were quashed in these cases because they were issued without authority of law and against the direction of the statute. A similar question arose in Pantall v. Dickey, 123 Pa. 437. There a summons was issued in an action

of trespass before a magistrate against two defendants who were not residents of the county, but lived in the Commonwealth. The writ was issued June 12th returnable June 18th, but the Act of July 12, 1842, P. L. 345, provides for a summons returnable not less than two nor more than four days from the date thereof in the case of nonresident defendants. On appeal to the Supreme Court it was held that the summons was void; that the magistrate was without jurisdiction to proceed against the defendants because of the neglect to regard the provisions of the Act of 1842; that this defect could be brought to the attention of a supervising court at any time; and that the defendant could afford to disregard it until an effort was made to enforce it against him. In that case an execution was issued against the defendants and they moved to strike off the judgment for the reason among others that the alderman was without jurisdiction of the defendants. The action in the pending case being trespass and the judgment, therefore, interlocutory, the case is still open for the assessment of damages. We think therefore the defendant has not lost his right in the proceeding. He was not lawfully summoned, and is in a different situation therefore from that which would have existed if the writ had been regular and the service irregular. The validity of the process has not been cured by anything which appears in the record. The judgment entered December 20, 1920, by direction of the plaintiff's attorney was an error. There was then pending before the court a motion to strike off the judgment by default and to set aside the proceeding. The pendency of the rule was in effect a stay of the proceeding. The motions to strike off the judgment by default and the judgment entered December 20, 1920, should have been granted. The assignments of error are sustained. The record is remitted to the court below with direction to strike off the judgment entered December 20, 1920, and the judgment by default entered May 7, 1918.