## Simko v. Kunkle

*Mahady & Mahady*, for plaintiff.
*Robert M. Carson*, for defendant.

LAIRD, J., July 11, 1939.—On February 27, 1938, there was an automobile accident on the Lincoln Highway near Mountain View Hotel, in which accident plaintiff and defendant were involved.

On April 19, 1938, plaintiff caused a summons in assumpsit to be issued, directed to defendant, and at the same time filed a statement of claim sounding in trespass against defendant.

The summons in assumpsit and the statement of claim were duly served on defendant by the sheriff, on April 20, 1938, and the writ was properly returned.

On June 23, 1938, plaintiff caused an alias summons in trespass to be issued out of this court directed to defendant, which writ was duly served on defendant, Gerald Kunkle, by the sheriff of this county on May 25, 1938. At the same time the sheriff served another statement of claim upon defendant sounding in trespass, which as we understand was a copy of the former statement or at least was similar to the former statement.

This second or so-called alias summons in trespass was duly and properly returned by the sheriff.

No appearance was entered for defendant and on July 14, 1938, plaintiff took judgment against defendant by default for want of an appearance and caused a writ of inquiry of damages to be issued, returnable to the first Monday of August term, 1938.

This inquiry of damages coming on to be heard at the November term, 1938, the jury returned a verdict in favor of plaintiff and against defendant.

On March 23, 1939, defendant filed an alternative petition to strike off the judgment so taken or to open it and permit him to defend, alleging that he has a full, just, true, and legal defense to the whole matter in issue; that he is ready, willing, and prepared to offer said defense; that he would have offered the same on November 28, 1938, had he known of said case coming on to be heard, and that he verily believes that if said matters and his evidence were presented fully to the court and jury no judgment could or would be recovered by plaintiff against him in said matter. Defendant further alleges that when the first or original summons in assumpsit was served upon him he consulted counsel, who advised him that the

summons was not proper under the circumstances and consequently he did not answer it or enter an appearance; that later on May 23, 1938, when the so-called alias summons in trespass was issued and served, he again consulted counsel and was advised that no answer was required to a trespass action, except to deny ownership and agency of the car and that under the circumstances it was not necessary to file an answer; alleging further that he had no notice of the matter being on the trial list or being called for hearing at the November term of court.

The taking of the judgment, or the issuing of the writ upon which the judgment is founded, was irregular, and if defendant had no notice of the presentation of plaintiff's claim to the court and jury on November 28, 1938, as alleged in his petition to open, and if as is alleged by him he has a full, just, true, and legal defense to the whole matter in issue, he is entitled to be heard, and entitled to his day in court.

Plaintiff argues that defendant may not ask for two remedies; that is, he may not ask to have the judgment stricken off and to have it opened.

In 7 Standard Pennsylvania Practice, page 35, §42, it is said: "A proceeding to strike off a judgment stands upon a footing somewhat different from that of a proceeding to open a judgment. In the first place, the proceeding to strike off a judgment lacks the equitable characteristics of a proceeding to open a judgment . . . Moreover . . . proceeding to strike off the judgment is determined only from the face of the record or from undisputed or admitted facts." Again, on page 167, §163, it is said:

"The application to strike off a judgment is an attack upon its validity. It is in the nature of a demurrer to the record and is a short and summary substitute for an audita querela, a writ of error coram nobis, a certiorari, or a writ of error from a higher court."

In the case of Rome Sales & Service Station v. Finch, 120 Pa. Superior Ct. 402, Judge Keller says, quoting from page 404:

" 'The rule to strike off judgment is essentially a common-law proceeding, a short and summary substitute for an audita querela, a writ of error *coram nobis*, or a certiorari or writ of error from a superior court, by which the same relief was formerly administered. Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record, and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as defendant may have put himself in position to be estopped from making the objection. . . . The rule to open judgment and let defendant into a defence is peculiar to Pennsylvania practice, and is a clear example of our system of administering equity under common-law forms. By long practice and common understanding it is confined to judgments by default, and those entered on warrants of attorney to confess, etc. It was, however, invented in the absence of a court of chancery, as a substitute for a bill in equity to enjoin proceedings at law. . . . There is no limit as to the time at which judgment [by confession] may be opened upon a rule. . . . Delay amounting to laches will, however, bar the party applying in this as in other cases of equitable relief. . . . The grounds upon which the rule is founded are, of course, as varied as those of bills in equity, and as in equity, each case must stand upon its own peculiar merits.' "

This proceeding seems to be irregular from its inception, and even if we should perchance overstep the bounds of regularity in our endeavor to correct a mistake and set the parties right we will be doing justice to all concerned. The action was trespass, the process was assumpsit.

In Encyclopædia of Pleading & Practice, vol. 22, pp. 521, 522, it is said:

"In jurisdictions where the distinction between the forms of actions is not abolished the declaration must

correspond to the form of action in which the writ is issued, or it will be fatally variant. . . . The declaration or complaint should conform to the cause of action stated in the process, in order that the defendant may be apprised of the precise ground upon which the plaintiff relies, and a material variance is created if they do not substantially agree."

The issuing of the original summons in assumpsit was unquestionably a mistake and such a mistake as any practitioner may absent-mindedly commit. However, it was properly served and defendant was in court, the sheriff having made a proper return, and plaintiff could have amended.

In the case of Bowman v. Gum, Inc., et al., 327 Pa. 403, 409, it is said: " 'Pleadings may be amended at any stage of the case. The matter is entirely within the discretion of the trial judge, but will generally be permitted when it does not violate any law or prejudice the rights of the opposing party. The allowance of an amendment rests in the reasonable discretion of the court and in the absence of plain error its action will not be reversed' ".

Plaintiff admits he could have amended his pleadings and cites the Act of March 21, 1806, P. L. 558, 12 PS §531, and other authorities. Had he exercised his right to amend, we would not now be discussing this case, but he didn't. In fact, plaintiff has not yet formally asked to amend, although suggestions of such action were made at the argument. Insteal of amending plaintiff caused the so-called alias writ in trespass to be issued after his original writ was served and returned.

In Black's Law Dictionary, p. 57, an alias writ is defined as follows: ". . . a second writ issued in the same cause, where a former writ of the same kind had been issued without effect".

In 2 C. J. p. 1033, an alias writ is defined as follows: "A second or further writ which is issued after the first writ has expired; a writ issued where one of the same

kind has been issued before in the same cause; a second writ issued when the first has failed its purpose; one which is issued when a former writ has not produced its effect."

In Bouvier's Law Dictionary, an alias writ is defined as ". . . a writ issued where one of the same kind has been issued *before* in the same cause."

The two writs issued in this case did not comply with these definitions. They were not of the same kind. The first writ had not expired, it had been duly and properly served by the sheriff and proper return made. The first writ had not failed in its purpose, it had produced its effect. Consequently the issuance of the so-called alias writ in trespass was irregular.

True, plaintiff could have amended his former writ, but he didn't. The second writ or so-called alias summons in trespass did not have any former or original writ in trespass to support it and we are of opinion that the judgment entered or taken by default subsequent to the service of the second writ was irregular and void and should be stricken off: Ingrava v. Suman, 77 Pa. Superior Ct. 344; Nawocki v. Skaziak et ux., 88 Pa. Superior Ct. 100.

The so-called alias writ may be considered surplusage and the original writ or summons in assumpsit may be amended on proper application and on the payment of costs by plaintiff.

And now, to wit, July 11, 1939, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the rule to strike off the judgment be and the same hereby is made absolute; the judgment entered July 14, 1938, by George Simko against Gerald Kunkle, be and the same hereby is stricken off, and plaintiff is given 15 days from this date in which to amend the original process to correspond with the pleadings upon payment of the costs, and defendant awarded an opportunity to defend.