## J. M. BOWELL v. J. W. GOULD ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 1, 1889—Decided November 11, 1889.

Where one of two defendants in a judgment obtained before a justice of the peace, has appeared, pleaded and engaged in the trial of an appeal therefrom, in the Court of Common Pleas, it is then too late for him to allege a want of jurisdiction, in that he had never been served with process in the suit before the justice.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 157 October Term 1889, Sup. Ct.; court below, No. 236 January Term 1883, C. P. No. 1.

On November 9, 1882, the defendants entered an appeal from the judgment of a justice of the peace for $298, in favor of the plaintiff in an action by J. M. Bowell against Joseph W. Gould and Joseph Short, partners as the Machine Sawmill Co. The transcript filed showed a return of service of the writ by a constable as follows : " Served a true copy of original summons on Joseph Short, one of the defendants, personally, he also accepting service for his partner, at the same time producing the original and informing him of the contents thereof."

On December 28, 1887, the plaintiff filed an affidavit of claim and narr. On January 28, 1888, upon the affidavit of J. W. Gould, setting forth that he had never been served with the summons in the suit before the justice, had never authorized any one to accept service for him, and had no knowledge of the suit brought, nor of the appeal being entered, nor of any proceedings whatever, until the service of the plaintiff's affidavit

of claim upon him on January 21, 1888, a rule was granted to show cause why all the proceedings should not be set aside as to said Gould. This rule on February 16th was discharged, and the defendants' motion refused.[1]

On February 20, 1888, J. W. Gould filed an affidavit of defence, and on September 29th, the plea of non-assumpsit and the statute of limitations.

The case was called for trial on December 14, 1888, when the jury were sworn as to both defendants, although there was no appearance or plea by Short.[2] The same day the plaintiff filed an amended narr declaring upon an account for lumber amounting to $298, as of October 24, 1882.

At the close of the testimony, the court MAGEE, J., submitted the case to the jury, and answered certain points presented by the defendant as follows:

1. That, it appearing by the declaration that the plaintiff's demand is for a raft of oak timber taken and used by the defendants, on November 1, 1880, of the value of $338, and that the plaintiff's proof of his demand is for 2,600 feet of oak timber, at 13 cents per foot, less $40 for logs sold by him to Wenzel & Bailey, and it not appearing, either in the transcript or proofs, that the plaintiff expressly waived his right to interest before the alderman, the plaintiff's demand exceeded the jurisdiction of the alderman, and the verdict should be for the defendants.

Answer: This point is refused.[4]

4. That the summons issued by the alderman not having been served upon Gould, and it appearing by the record that no notice of the pendency of the action was served upon him until January 21, 1888, the statute of limitations bars a recovery against him.

Answer: This point is refused.[5]

The jury returned a verdict in favor of the plaintiff for $324.69. On December 22, 1888, a rule for a new trial and in arrest of judgment was granted, the following reasons being filed: "1. Swearing the jury as against Joseph Short, who had not appeared or pleaded. 2. The court had no jurisdiction of the cause of action. 3. The verdict exceeds the damages laid in the declaration. 4. The defendant Gould was not served with process, was not in court, and no judgment can be entered against him."

Opinion of the Court.

On February 23, 1889, by leave of court the plaintiff filed an amended narr in the common counts for $298, averring damages in $600. On June 21st, another amended narr was filed laying the damages in $298, and the same day, the court, MAGEE, J., discharged the rule granted and directed judgment to be entered on the verdict.[3]

Judgment having been entered, the defendants took this appeal, specifying that the court erred:

1. In refusing the defendants' motion.[1]

2. In swearing the jury as against Joseph Short.[2]

3. In entering judgment against defendants generally.[3]

4, 5. In the refusal of defendants' points.[4] [5]

*Mr. Levi Bird Duff* (with him *Mr. L. B. D. Reese*), for the appellants.

Upon the first specification of error, counsel cited: Bitzer v. Shunk, 1 W. & S. 340; 1 T. & H. Pr., § 431; Pantall v. Dickey, 123 Pa. 431. Upon the second and third specifications: Donnelly v. Graham, 77 Pa. 274; Corcoran v. Trich, 20 W. N. 372. Upon the fourth specification: Collins v. Collins, 37 Pa. 387; Stroh v. Uhrich, 1 W. & S. 59; Evans v. Hall, 45 Pa. 235; Curcier's Est., 28 Pa. 262.

*Mr. W. I. Craig* (with him *Mr. R. B. Parkinson*), for the appellee.

Counsel cited: Sections 4, 5, act of March 20, 1810, 5 Sm. L. 163; § 1, act of March 14, 1872, P. L. 25; Sloan v. McKinstry, 18 Pa. 120; Jones v. Canal Co., 10 Phila. 570; Lycoming F. Ins. Co. v. Storrs, 97 Pa. 354; Sauerman v. Weckerly, 17 S. & R. 116; Greenawalt v. Shannon, 8 Pa. 465; Hoffman v. Dawson, 11 Pa. 280; Collins v. Collins, 37 Pa. 387; McClurg v. Fryer, 15 Pa. 293.

PER CURIAM:

This case was brought into the court below by an appeal from the judgment of a justice of the peace. The defendants now assign for error that the court refused to set aside all proceedings as to defendant Joseph W. Gould, and to strike his name from the record. The principal ground of this objection appears to be that Gould was not served with the summons in the pro-

ceeding before the justice. An inspection of the transcript of the latter shows the following return by the constable : " Served a true copy of original summons on Joseph Short, one of the defendants, personally, he also accepting service for his partner, at the same time producing the original and informing him of the contents thereof." It will thus be seen that a proper service was made upon Short, and that the latter accepted service for his partner, Gould. We need not discuss the question how far this acceptance of service by his partner bound Gould.

The transcript shows an appeal by the defendants, which, upon its face, is an appeal by both. The appeal was filed in the Common Pleas in 1883. No further action appears to have been taken until December 28, 1887, when an affidavit of claim and a declaration were filed. Gould then came in and made an application to have all proceedings against him set aside. This motion was refused. He then filed an affidavit of defence, and a plea. Subsequently, the case was set down for trial, the jury was sworn as to both defendants, and a verdict rendered for the plaintiffs. All this we gather from the record. It further appears from the opinion of the court below, and we do not understand it to be denied, that Gould was personally present at the trial, and was examined as a witness. Under such circumstances we cannot say the court erred in refusing to set aside the proceedings against him. The record shows that he was in court by the appeal. If the transcript of the alderman was erroneous in stating that the appeal was by the defendants, he should have taken a certiorari to that judgment as soon as the fact became known to him. It is too late to make that objection after the trial of the appeal in the court below, and after his having participated in that trial. It follows that the statute of limitations was not a bar to the claim against him.

It is sufficient to say, in answer to the fourth specification, that neither the claim nor the judgment exceeded the jurisdiction of the justice.

Judgment affirmed.