## Spencer, Appellant, v. Bloom.

*Justice of the peace—Attachment under act of 1842—Sufficiency of affidavit.*

An affidavit which charges fraud in general terms, following the language of the act of July 12, 1842, is sufficient to give a justice of the peace jurisdiction to issue an attachment.

*Appeal—Certiorari.*

Upon an appeal from a judgment of a justice of the peace, mere irregularities cannot be taken advantage of; in such cases the remedy is by certiorari.

Argued April 18, 1892. · Appeal, No. 96, July T., 1891, by plaintiffs L. W. Spencer et al., trading as L. W. Spencer & Co., from judgment of C. P., Clearfield Co., May T., 1891, No. 362, quashing attachment against defendant, Robert Bloom. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Appeal by defendant from the judgment of a justice of the peace on attachment under the act of July 12, 1842.

The affidavit upon which the justice issued the attachment was made by L. W. Spencer, of the firm of L. W. Spencer & Co., and averred: " that Robert Bloom is justly indebted to them in the sum of $129.78, for goods and merchandise, sold and delivered by the deponent to the said Robert Bloom, over and above all discounts which the said Robert Bloom, may have against them. And that the said Robert Bloom, is about to dispose of his personal property, viz : Team of horses and other property and depart from this county, with intent to defraud his creditors."

Before the justice, defendant, by his attorney, excepted to the writ and moved to quash the attachment, for the following reasons : (1) For want of a sufficient affidavit; (2) for want of proper execution of writ, the return failing to show specifically the manner of service—not showing that constable took the property into his possession or took security as required by law; (3) that summons was in debt, when no such action could be instituted in Pennsylvania ; (4) for want of sufficient bond, it containing but one bondsman at time attachment was issued.

The justice overruled the exceptions and, after hearing, entered judgment for plaintiffs, from which defendant appealed.

The court below, in an opinion by KREBS, P. J., quashed the attachment on the ground that the affidavit was wholly defective and the service of the attachment void.

*Errors assigned* were, (1) granting the rule to quash the writ; (2) assuming jurisdiction to hear rule and quash writ; (3) making the decree; (4) quashing the writ.

*Rowland D. Swoope*, for appellants.

*W. A. Hagerty, Murray & Gordon* with him, for appellee.

OPINION BY MR. CHIEF JUSTICE PAXSON, May 2, 1892:

The affidavit in this case, upon which the attachment was issued, is more specific than that in Gates v. Bloom decided herewith. [The next case.] It charges the fraud in the language of the act of 1842, which would seem to be sufficient, under the authority of Gosline v. Place, 32 Pa. 520, where it was held: " That it is sufficient that the affidavit set forth a case of fraud in general terms; it is enough, in the first instance, that it show probable cause to the satisfaction of the judge, for, on the hearing, the defendant may, on oath, deny all the allegations, and demand full proof of the facts:" See also Berger v. Smull, 39 Pa. 302. We think the affidavit was sufficient to give the justice jurisdiction. The jurisdiction having properly attached it was error to quash the attachment. Mere irregularities cannot be taken advantage of on the appeal. The remedy in such cases is by certiorari.

The judgment is reversed, and a procedendo awarded.