## Commonwealth v. Stawasz et al.

*Game laws—Fish—Appeal—Summary conviction—Fish warden—Act of July 28, 1917, P. L. 1215—Justice of the peace.*

1. Defendant, using a fish net of larger dimension than that allowed by law, even though innocent in intent, is amenable to the law.

2. Defendants, who have appealed from a conviction by a magistrate, but have appeared and participated in the trial, are estopped from alleging want of jurisdiction.

3. Appointment of a fish warden, shown by a card from the Fish Commissioner, is sufficient authority for the former to act.

Appeal from summary conviction. Q. S. Luzerne Co., Sept. Sess., 1925, No. 567.

*Joseph E. Fleitz,* for Commonwealth; *G. J. Clark,* for defendants.

JONES, J.—John Stawasz, aged twenty years, and Stanley Kuchinski, aged eighteen years, were arrested on oath of a fish warden for using a dip-net or minnow seine over four feet in diameter, in violation of section 45 *(c)* of the Act of July 28, 1917, P. L. 1215, and fined. This is a hearing upon an appeal from that conviction, and it becomes our duty to determine the guilt or innocence of the defendants *de novo.*

The facts virtually admitted are as follows: The defendants, inoffensive and heretofore law-abiding, borrowed from an adult friend a minnow-net, and while fishing for bait fish in Lake Nuangola, from a boat, were arrested by three fish wardens, taken before a justice of the peace in Kingston, adjudged guilty and fined $20 each and costs.

Defendants contend that the net was less than four feet in diameter; it was exhibited in court and offered in evidence; it measured six feet wide, ten feet long, and was used by attaching a board to one end of the net, which kept it afloat, and the other end dropped into the water and was permitted to lie flat upon the bottom of the lake and was drawn up by two strings, one on each corner. The dispute related to the manner in which the net could be and was used. Defendants contend that in drawing it up from the water, it would reduce itself to a net about two feet in diameter, but in manipulating the net to the court, it was found utterly impossible to reduce the net at one end to a smaller dimension than the floating board, which was at least six to eight feet in length.

The testimony and the demonstration disclosed the use by the defendants of a dip-net or minnow seine over four feet in diameter, for bait fishing, in violation of section 45 (c) of the act.

Defendants contend: (a) There was no lawful arrest. This is based upon the fact that no information was laid before the arrest. Sections 140 and 141 of the act provide that fish wardens are authorized and required to apprehend and arrest, with or without warrant, any person violating the provisions of the act.

Even in the absence of such a provision, the defendants having appealed, appeared and participated in the trial, it is too late for them to allege a want of jurisdiction, in that they had never been served with process in the suit before the justice: Bowell v. Gould et al., 130 Pa. 434.

Mere irregularities cannot be taken advantage of on the appeal. The remedy in such cases is by certiorari: Spencer v. Bloom, 149 Pa. 106.

(b) No authority shown in the prosecutor to act as a fish warden. Section 125 of the act provides that the Commissioner of Fisheries, with the advice and consent of the Board of Fishery Commission, is authorized to appoint competent citizens of this Commonwealth as fish wardens, and section 126 provides that they shall hold office during the pleasure of the commission.

The prosecutor produced a certificate of appointment from the commissioner in the nature of a card, and in pursuance thereof had acted as fish warden for many years. No attempt was made by defendants to discredit his appointment; sufficient authority was shown to disclose his appointment and authority to act as a fish warden.

Upon the merits of the case, defendants were using an illegal device innocently, but, nevertheless, in violation of the act. The fish wardens are authorized and required to apprehend and arrest and immediately take any person guilty of any violation of the act before any alderman or justice of the peace, and while the officer could have taken the defendants to a justice of the peace more accessible than the one before whom they were taken, and perhaps it might have been prudent to have done so, nevertheless, their authority is to take the person before any justice of the peace, and we find no attempt upon the part of the officers to cause defendants any unnecessary hardship or oppression.

There is nothing in the case to warrant the conclusion that the fish wardens caused the arrest of the defendants for any other purpose than to enforce the

Commonwealth *v.* Stawasz et al.

game laws. Defendants were illegally using a device in violation of the same. They borrowed the net from an adult person who acknowledged using it, and this knowledge could easily have misled the defendants into the belief that the device was legal and exculpated them from any wanton misbehavior or intent to violate the act; nevertheless, we have no other recourse, under all of the testimony and the exhibition of the net, than to sustain the conviction and the fine imposed, with the suggestion, however, to the Commonwealth that if defendants pay the legitimate costs, the collection of the fine be held in abeyance pending the good behavior of defendants and their observance of the game laws.

From Frank P. Slattery, Wilkes-Barre, Pa.