### Brown v. Erie Railroad Company.

*Justice of the peace—Certiorari—Jurisdiction—Consequential damages.*

1. A justice of the peace has no jurisdiction of a case against a railroad company for injuries caused by fire resulting from sparks emitted by a locomotive. Damages for such injuries are consequential.

2. The local Act of Feb. 29, 1872, P. L. 190, relating to appeals and *certiorari* from justices of the peace in Warren County, is in force.

3. Where a transcript of a justice of the peace fails to show in what county the real estate to which a trespass is alleged is situate, the proceedings will be reversed.

4. Such proceedings are also fatally defective if the return of the constable fails to show in what county or state the service of the summons was made.

5. In a suit against a railroad company, the return of the constable is defective if it merely shows service on a person as "freight and ticket agent" without naming the defendant company.

6. In Warren County a *certiorari* will lie where there is an entire want of jurisdiction of the justice of the peace.

Exceptions to *certiorari*. C. P. Warren Co., Sept. T., 1926, No. 49.

*Thomas & Kiebort,* Meadville, Pa., for defendant.

ARIRD, P. J., Oct. 26, 1926.—The transcript filed in this case shows that on July 17, 1926, a summons in trespass was issued by F. S. Brown, plaintiff, *v.* Erie Railroad Company, defendant. This summons was made returnable before Edgar W. Moore, a justice of the peace, residing in Spring Creek Township, Warren County, Pennsylvania.

Brown v. Erie Railroad Company.

The transcript further shows that on July 24, 1926, at 10 o'clock A. M., the plaintiff appeared and claimed in trespass damages by fire on or about April 26, 1926, by defendant company's engine setting fire to, and burning, a quantity of manure belonging to plaintiff and on plaintiff's land. The plaintiff and witnesses were sworn and judgment publicly rendered in favor of the plaintiff and against the defendant for $100 and costs of suit.

On Aug. 11, 1926, a *certiorari* issued out of the Court of Common Pleas of Warren County, Pennsylvania, to Edgar W. Moore to have the record, etc., certified to said court.

On Aug. 13, 1926, a transcript from docket of said justice of the peace, together with the summons issued by the justice of the peace, to which was attached the *certiorari*, was filed in the office of the prothonotary at Warren, Pennsylvania.

On Sept. 15, 1926, the defendant, the Erie Railroad Company, by attorney, filed exceptions to the record of proceedings as returned by Justice of the Peace Edgar W. Moore:

1. The record on its face shows the cause of action to be one for consequential damages and, hence, not cognizable before a justice of the peace.

2. The copy of the summons shows on its face that it was not attested by the constable and that, therefore, there was no legal service upon the defendant company of a "true and attested copy," as provided by law.

3. The constable's return of service of the summons does not show a service within the bailiwick of the constable, or that service was made upon the proper officer of the defendant company.

4. There was no proper service made upon the defendant company.

We find in 1 Common Pleas Repr. 156, in the case of Hasbrouck v. Railroad Co., wherein the claim of the plaintiff as set forth in the transcript was for consequential damages, resulting from the negligence of the plaintiff in error, and of this the justice had no jurisdiction.

Second, the judgment of the justice is for consequential damages, being for value of the fence destroyed by fire, and, therefore, for cause of action of which the justice had no jurisdiction.

On *certiorari*, Mr. Justice McCollum, in writing his opinion, said: "On exceptions filed, the exceptions are sustained and the judgment of the justice is reversed."

His Honor reversed the case for the reason that the justice had no jurisdiction.

In order to write an intelligent opinion in this case, it is necessary to refer to four or five different acts of assembly:

The first act was passed on Feb. 18, 1869, P. L. 208. The title reads as follows: "To enlarge the jurisdiction of justices of the peace in the County of Erie."

The second act was passed on March 28, 1870, P. L. 596. The title reads: "A supplement to an act, entitled 'An act to enlarge the jurisdiction of justices of the peace in the County of Erie,' approved Feb. 18, 1869."

Section 7 of said act, in part, reads as follows: "The only remedy which the party aggrieved by any act of the justice or the jury, done under the provisions of this act, or the act to which this is a supplement, shall be by an appeal to the Court of Common Pleas of Erie County, within twenty days after final judgment: Provided, That if the defendant shall prove to the satisfaction of a judge of said court that he had no knowledge of the proceedings before the justice until the twenty days for an appeal had expired, and

that no summons was legally served upon him, said judge may order a writ of *certiorari* to be issued," etc.

An act passed on Feb. 29, 1872, P. L. 190, the title reads as follows: "An act to enlarge the jurisdiction of the justices of the peace in the County of Warren."

The act relating to Erie County passed in 1869, and also the supplement passed in 1872, was extended to Warren County, Penna., with the exception of section 8.

An act of assembly was passed on May 29, 1893, P. L. 176, which related to Erie County and repealed the 7th section of the act of assembly passed March 28, 1870, P. L. 596.

We have already, in part, quoted in this opinion section 7, which relates to an appeal and *certiorari*.

In 1913, a *certiorari* issued out of the Court of Common Pleas of Warren County in the case of Chapel et al., Receivers, v. Dockstader. The decision in this case was rendered by Hon. W. D. Hinckley, and the case is reported in 23 Dist. R. 294.

In that case it was claimed that the Act of Assembly passed May 29, 1893, P. L. 176, repealed the same section in the act as extended to Warren County by the Act of 1872, but his Honor Judge Hinckley held that the repealing Act of 1893 is distinctly a local act, explicitly providing for the repeal of the section in question in the local act of assembly relating to Erie County alone. As we find no subsequent legislation relating to the act passed in 1872 extending the Act of Assembly of 1870 to Warren County, we must consider the Act of Assembly passed in 1872 still in force.

We find that in 1885 a case, entitled Pagett v. Truby, was begun before a justice of the peace at Warren, Penna. This case was an attachment against a non-resident where the claim exceeded $100. It was claimed that the Act of July 7, 1879, enlarging the jurisdiction of the justices of the peace to $300, related to Warren County. His Honor William D. Brown, President Judge of Warren County, filed an opinion, which reads as follows. This case is reported in 1 Pa. C. C. Reps. 596:

"The Act of 1874 authorizes justices of the peace to issue attachments against any non-resident defendant 'for any claims not exceeding $100.' The attachment in this case was for a sum in excess of $100, but not in excess of $300. The contention of the defendant in error is that the attachment is warranted by the Act of 1879, conferring upon justices concurrent jurisdiction with the Courts of Common Pleas in actions on contracts, trespass, trover, etc., when the sum demanded does not exceed $300. We do not regard the last-named act as having the effect claimed. We think its only purpose or effect is to enlarge the jurisdiction in the personal actions of which the justice had jurisdiction, and has no reference to attachments. See reasoning of Judge Krebs in Ross v. Miller, 14 W. N. C. 253.

"So far as the other exceptions are concerned, we think the remedy, if they are well taken, is by an appeal under the local Act of 1870; but for the entire want of jurisdiction, we think a *certiorari* will lie.

"The first exception is sustained, and the proceedings of the justice are reversed."

Now, in order for the court to decide the present case, *i. e.*, Brown v. Erie Railroad Company, and not conflict with former decisions of this court, we must necessarily sustain, at least, some of the exceptions filed by defendant.

At the argument of this case the plaintiff raised the question as to the jurisdiction of the justice of the peace, and the defendant raised the question relating to issuing a *certiorari* in Warren County.

The transcript filed in this case clearly shows that the claim relates to consequential damages.

The court said in Ripple v. Keast, 16 Pa. C. C. Reps. 548, 5 Dist. R. 31: "Actions for consequential damages can only be originated in the Court of Common Pleas. Where a transcript of the justice of the peace shows 'that plaintiff claims in trespass damages caused by negligence of the defendant,' the justice has no jurisdiction and the proceedings will be dismissed."

The court said in 4 Dist. R. 83: "The fact that the damages caused were the result of the negligence of the defendant shows them in their very nature to have been consequential."

Hill v. Tionesta Township, 129 Pa. 525. The action was begun by plaintiff against the township for the negligence of its officers in failing to keep a public highway in repair. The case was tried before his Honor W. D. Brown, President Judge of the 37th Judicial District. Judgment was rendered in favor of the plaintiff. The Supreme Court held that in entertaining jurisdiction of the cause and entering judgment for plaintiff was error. "Judgment reversed."

The court said in 16 Pa. C. C. Reps. 548:

"A writ of certiorari is the best and proper way to have proceedings dismissed for want of jurisdiction.

"Actions for consequential damages can only be originated in the Court of Common Pleas.

"Where a transcript of the justice of the peace shows that plaintiff's claim in trespass is for damages caused by negligence of defendant, the justice has no jurisdiction and the proceedings will be dismissed."

Now we come to another point, i. e., what appears in the transcript of the justice of the peace as filed in this case. The transcript as filed fails to show in what county or state the alleged trespass was committed.

The court said in 11 Dist. R. 392: "Where the transcript before a justice of the peace does not show in what county the real estate to which the trespass is alleged to have been committed is situate, the judgment will be reversed."

Again, in the instant case, the return of the constable reads as follows: "Served the within summons this 19th day of July, A. D. 1926, on the above named defendant by handing a true and attested copy thereof to Frank Crowe, freight and ticket agent."

The return of the constable fails to show that Frank Crowe was freight and ticket agent for the defendant, Erie Railroad Company.

The return of the constable also fails to show in what county or state the service of the summons was made.

In the instant case, i. e., Brown v. Erie Railroad Company, the record as filed discloses the fact that the justice had no jurisdiction, and we still hold that for the entire want of jurisdiction a certiorari will lie in Warren County.

In Spencer v. Bloom, 149 Pa. 106, his Honor Chief Justice Paxson, in writing the opinion of the Supreme Court, said: "Upon an appeal from a judgment of the justice of the peace, mere irregularities cannot be taken advantage of; in such case the remedy is by certiorari."

We not only sustain the first, third and fourth exceptions filed in this case, but we also hold that the proceedings before the justice of the peace were so fatally defective that the proceedings of the justice of the peace are reversed.

From Joseph H. Goldstein, Warren, Pa.